## BLOCK *v.* ATCHISON, T. & S. F. R. Co.

*(Circuit Court, E. D. Missouri.* September 17, 1884.)

1. PRACTICE—JURISDICTION—SECTION 1 OF ACT OF MARCH 3, 1875, CONSTRUED.
   Where a railroad corporation organized, and, having its road in one state, has an office in another for the purpose of soliciting business, and has an agent in charge of such office, employed for the purpose of furthering the business of the company in the state in which its road runs, it may be sued in the district where such office is located, and is to be considered "found" in such district, within the meaning of section 1 of the act of March 3, 1875, concerning the jurisdiction of circuit courts.

2. SAME—SERVICE OF PROCESS.
   In such cases, service of process upon the agent in charge of the office is valid.

Plea to the Jurisdiction.

This is an action for an injury alleged to have been received in Kansas through the negligence of defendant, a Kansas corporation. The defendant's road does not extend into Missouri, but it has an office in both Kansas City and St. Louis. The service in this case was upon the officer in charge of the company's office at the latter place. The defendant claims in its plea that the court has no jurisdiction for the following reasons, viz.: Because it is not an inhabitant of or found within this district, within the meaning of the act of congress; because no part of its road was or is in the Eastern district of Missouri; because the cause of action did not accrue in Missouri; and because the defendant did not keep, at the commencement of this suit or service of writ, an officer or agent for the transaction of its usual and customary business in this district, within the meaning of the laws of the state of Missouri and the acts of congress, and therefore cannot be sued in this district; because the agent served was not such an agent as could be legally served with process against this defendant.

*Dyer, Lee & Ellis,* for plaintiff.

*James Hagerman,* for defendant.

BREWER, J., *(orally.)* I have well-settled convictions in reference to this matter, because I have had this question of service on foreign corporations before me in two or three districts. True, it was presented in different phases; but I have had occasion to fully examine the question. In Kansas we have a statute that authorizes service upon railroad corporations by delivering process to an agent who sells tickets; and in one case I had before me, service was attempted to be made on the Chicago, Burlington & Quincy Railroad Company by serving an agent of the Kansas City, St. Joe & Council Bluffs Railroad, on the claim that he was in the habit of selling coupon tickets over the Chicago, Burlington & Quincy Railroad, and

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

therefore, as he had been doing that several years, and those tickets had been recognized by the Chicago, Burlington & Quincy Railroad, he was the agent of that road to sell tickets. I set aside that service, because I thought the act extended only to agents who were direct agents, and he was a mere subagent, and only authorized to receive service as the agent of the St. Joe & Council Bluffs Railroad, the corporation by which 'he was directly employed, and to which alone he accounted. There is a case later than those spoken of by counsel, which, if my memory serves me right, went to the supreme court of the United States from Michigan, where, under a statute authorizing service on the president or chief officer of a corporation, service was made on some chief officer of an eastern corporation who was simply passing through the state; and, whatever court decided it, it was held that the corporation was not found in the state unless it had an office there for the transaction of business in the state, and that the mere temporary traveling of an officer through the state did not locate the corporation there. That applies to the case which was decided by the court this morning, where service was had on a traveling salesman, who, for all the return disclosed, was merely traveling through the state, and therefore was not a sufficient service.

But, in this case, this corporation defendant has established a business office here, and has an agency. It does not run its railroads here, carry passengers, or transport freight within this district, but it has an office here for the purpose of soliciting business, and has an agent here,—not a subagent, but a direct agent,—employed for the purpose of furthering the transportation business of the corporation in the states where its road runs; the same as various manufacturing and insurance corporations have offices established in different cities for the purpose of extending their business; and, wherever they have an office established, an agency is created. It seems to me that, within the purview of this statute, the corporation is found wherever such an office and agency is established.

In this particular case it is perhaps a hardship in bringing the suit here, since the cause of action arose, the injury was done, in the state of Kansas; yet, on the other hand, if a contract was made here by their agent, there would be, under some circumstances, very just ground for saying that this was the place for litigating any question arising thereunder. If freight had been transported, and a dispute arose afterwards as to the terms of the contract, here would be the place where it was made; here would be the place where the rates of freight were proposed and accepted, and there might be great propriety in having the litigation here. So, where an insurance corporation of some eastern state enters into an insurance contract here, any litigation in case of loss ought to be had here, and the insured ought not to be compelled to go to the state where the corporation exists for the purpose of establishing his demands. A very wise line of demarkation might be that where a suit is brought

against a corporation outside of the state where it exists in the first instance, the litigation should be limited to such contracts as are made at the place where the suit is commenced. But, as the statute now is, if the corporation is found here for the purposes of any suit, it is found for the purposes of all suits. It seems to me, within the purview of the statute, that wherever a railroad corporation has established an agency, where it has an office, an agent directly employed by it for the transaction of its business, (and that is not limited to the mere business of running its road, carrying freight and passengers, but includes any transactions or contracts with the view of increasing or furthering such regular business,) in such case it is found within the district. I do not think the section referred to by counsel as to the jurisdiction of the circuit court, in a state in which there are two districts, has any application to this case, for here the defendant is a corporation of another state, and therefore not any more a resident of one than the other district in this state. The plea to the jurisdiction will be overruled.