BUSCHER v. SOUTHERN RAILWAY CO.

(March. 29, 1926, Opinion and Decree.)
(April 26, 1926, Rehearing Refused.)
(June 1, 1926, Writs of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Court.*)

1. Louisiana Digest—Courts—Par. 8, 9; Pleading—Par. 66.

In a transitory action arising in another state, the courts of this state, irrespective of the citizenship of the plaintiff, are without jurisdiction to entertain a suit brought by a foreign corporation doing no local business within this state. Under such conditions, a plea taken to the jurisdiction is well founded, despite the fact that the defendant corporation, under the laws of this state, has voluntarily designated an agent to represent it within this state as one upon whom citation may be served.

Appeal from Civil District Court, Div. "E", Hon. Wm. H. Byrnes, Judge.

Action by Joseph H. Buscher against Southern Railway Company. There was judgment for plaintiff in part, and plaintiff appeals.

Judgment reversed.

Fred. A. Wulff, of New Orleans, attorney for plaintiff and appellant.

Walter J. Suthon, Jr., of New Orleans, attorney for defendant and appellee.

PER CURIAM

BELL, J.    Upon the facts noted and for the reasons stated in the opinion of this court this day rendered in the case of

Frank Delatour and Edward Marmouget vs. Southern Railway Company, Inc., No. 10019 of the docket of this court, it is ordered that the judgment appealed from be set aside and reversed, and that there be judgment in favor of defendant, Southern Railway Company, against plaintiff, Joseph H. Buscher, maintaining defendant's plea to the jurisdiction of the court, and dismissing plaintiff's suit at his cost in both courts.