GUY ELLSWORTH, Plaintiff, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

Supreme Court, Broome County, September 3, 1929.

*Robert I. Parsons*, for the plaintiff.

*Stanchfield, Collin, Lovell & Sayles*, for the defendant.

SENN, J. On January 16, 1926, plaintiff purchased of the defendant, at its Binghamton, N. Y., station, two passenger tickets for transportation of himself and his wife from Binghamton to Atlantic City, N. J., and return. The tickets and coupons attached provided for passage to Scranton over the defendant's line; thence to Bethlehem on the Central Railroad of New Jersey; thence to Philadelphia on the Reading Company's line; then by taxicab of the Yellow Taxicab Company (or others designated) to the Chestnut Street ferry and from thence to Atlantic City *via* Atlantic City railroad, the return being over the same route. On the return trip valuable luggage of plaintiff was lost through the negligence or culpability of the driver of the Yellow Taxicab Company. The jury awarded $360 damages to the plaintiff.

Motion to set the verdict aside was duly made on behalf of the defendant and decision reserved.

The only question is whether the defendant is liable for damages due to the acts or neglect of the taxicab company, one of the intermediate carriers.

On the ticket sold was printed the following: " In consideration of the reduced rate at which this ticket is sold, the purchaser agrees as follows: * * * In selling it for passage over other lines, this Company acts only as agent for them, and assumes no responsibility beyond its own line. Baggage will be transported subject to tariff regulations."

In the tariff filed by the defendant with the Interstate Commerce Commission, pursuant to law, is the following: " 19. Responsibility. In issuing tickets and checking baggage under this tariff for passage over the lines of other carriers participating herein, the issuing carriers act only as agent and are not responsible beyond their own lines."

The tickets issued were not signed by the plaintiff and there is no evidence that the printed part quoted above was called to his attention other than by the delivery of the tickets to him.

Plaintiff's counsel relies on *Hutchins* v. *Pennsylvania Railroad Co.* (181 N. Y. 186) and cases there cited. That was a case where the ticket issued had a similar provision in regard to the non-liability of the company beyond its own lines. Judge VANN, writing the prevailing opinion of the court, among other things, said: " A railroad ticket may be a contract or a voucher, and which the ticket of the plaintiff was depended upon the inference to be drawn from what was said and done when she bought it, as

well as on the form of the ticket and coupons. A ticket is no notice of conditions concealed therein by fine print, unless the attention of the holder is in some way directed to them. There is no presumption that a passenger assents to the terms of a complex ticket, unless he has notice of what they are."

The *Hutchins* case is undoubtedly an authority for the plaintiff, although the facts differed, in some respects from those in the case at bar. The ticket was more complex than here and it had a blank space for the holder to sign an agreement to the terms of the ticket which she had not signed; the ticket in question here had no such blank space or suggested agreement.

However that may be, the holding in the *Hutchins* case has been superseded by decisions of the Supreme Court of the United States which hold that the acceptance of such a ticket constitutes an agreement and which must be controlling here.

" The transactions in question related to interstate commerce; consequent rights and liabilities depend upon acts of Congress, agreement between the parties, and common law principles accepted and enforced in federal courts." (*New York Central, etc., R. R.* v. *Beaham*, 242 U. S. 148, 151.)

" In the circumstances disclosed, acceptance and use of the ticket sufficed to establish an agreement *prima facie* valid, which limited the carrier's liability. Mere failure by the passenger to read matter plainly placed before her could not overcome the presumption of assent." (Id.)

The same doctrine is held in *Galveston, Harrisburg & San Antonio R. R.* v. *Woodbury* (254 U. S. 357, 360); *Missouri Pacific R. R. Co.* v. *Prude* (265 id. 99), and in *Louisville & Nashville R. Co.* v. *Chatters* (279 U. S. 320; 49 Sup. Ct. 329).

In the *Chatters* case the court said: " The Louisville & Nashville, therefore, might, by stipulation on the through ticket, provide that it should not be so responsible * * * and in any case the transportation service to be performed was that of a common carrier in interstate commerce under published tariffs, and the attendant limitation in the tariff became the lawful condition upon which the service was rendered binding alike the carrier and its patron."

In view of these decisions and others of similar import, rendered by the highest Federal courts, I am compelled to grant the motion to set aside the verdict.

Submit order.