## WEFEL v. W. P. BROWN & SON LUMBER CO.

District Court, S. D. Alabama.
May 14, 1932.

Jere Austill, of Mobile, Ala., for plaintiff.

Armbrecht, Hand & Twitty, of Mobile, Ala., for defendant.

ERVIN, District Judge.

The plaintiff, who resides in the Southern District of Alabama, brought suit in this district against the defendant, who is a nonresident corporation, incorporated under the laws of Kentucky.

The defendant has complied with the laws of Alabama as to nonresident corporations by filing with the secretary of state its appointment of Joe F. Roberts, who resided at Fayette, Ala., as its agent on whom service of process may be made.

There is no question of jurisdiction raised because under the federal statutes suit must be brought either in the district of the residence of the plaintiff or of the defendant, and, confessedly, this suit was brought in the district of the plaintiff's residence.

The question arises on the validity of the service of process. Process was issued and served, first, on the secretary of state of Alabama in the Middle district, then on Joe F. Roberts, who was the person later designated under the Alabama laws, by the defendant, on whom process in the state of Alabama might be served. All of these persons on whom the service was made were outside the Southern district of Alabama.

The defendant appears especially and moves to quash the various services on the ground that the process in the civil suit issued out of the court in the Southern district could not be served outside of the Southern district.

It is conceded that in civil matters, in the absence of statutory authority, process cannot ordinarily run beyond the lines of the district in which issued. Robertson, v. Railroad Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119.

The action is one to recover damages for breach of contract entered into by plaintiff and defendant to cut timber in the state of Alabama, and the question arises whether or not the appointment by the defendant corporation of an agent in the state of Alabama on whom process against it might be served amounts to a consent on the part of the defendant that process may be issued out of the federal court in the state of Alabama in a district other than that of the residence of such agent, as well as process from the various state courts in Alabama, in other circuits and counties than that of the residence of such agent, and served on such agent.

It will be observed that only one agent is appointed, and he is appointed for the whole state. Is he not therefore to be treated as being in every county of the state for the purpose of process being issued and served? He is the agent in the state on whom process may be served. Under the federal laws, the districts as created are uniformly within one state, and, while there is a boundary of each district within the state, there is no instance where one district runs across the state lines so as to include a portion of another state. Therefore the Congress must recognize that there are certain rights the court has that are dependent in some degree upon the state boundaries as a whole. It seems to me that Congress must have had in mind just such a proposition as this, where the state creates

certain rights and duties which are coextensive with the state lines, that these rights and duties are conferred as well on the federal court as the state courts.

■ There is no question here of the state statutes giving jurisdiction to the federal court, nor of the consent of the defendant as giving jurisdiction to this court. The question is one merely of process. There is no doubt that, if the defendant appears voluntarily in this suit, it would be a waiver of the want of service of process, and the court could proceed to try the case.

Why then could not the defendant under the requirements of the Alabama statutes agree that process on its agent might be made from the federal courts, as well as that process might issue from any circuit or district in the state courts and be served outside of the limits of its district.

It will be noticed that the authority required by the statutes of Alabama and signed by the defendant contains no limitation or restriction to the state courts as against the federal courts. The statutory provisions of Alabama in reference to the filing of such consent are as follows: Section 232 of the Alabama Constitution of 1901 reads as follows: "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

Construing this constitutional provision, Brickell, C. J., said in Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 943, 25 L. R. A. 543: "The material changes which the constitution works are that the corporation becomes liable to suit in any county in which it does business, and the process may be served, compelling it to appear, upon an agent anywhere in the state. The words of the statute are plain and unambiguous."

Section 7209 of the Code of Alabama reads as follows: "Every corporation not organized under the laws of this state shall, before engaging in or transacting any business in this state, file with the secretary of state a certified copy of its articles of incorporation or association and file an instrument of writing, under the seal of the corporation and signed officially by the president and secretary thereof, designating at least one known place of business in this state and an authorized agent or agents residing thereat; and when any such corporation shall amend its articles of incorporation or association, or shall abandon or change its place of business as designated in such instrument, or shall substitute another agent or agents for the agent or agents designated in such instrument of writing, such corporation shall file a new instrument of writing as herein provided, before transacting any further business in this state."

Construing this section in Jefferson Island Salt Co. v. E. J. Longyear Co., the Supreme Court of Alabama in 210 Ala. 355, 98 So. 119, 122, says: "When this appellee corporation complied with the foregoing statute, it impliedly submitted itself to the jurisdiction of the courts of this state upon the service of process upon its designated agent and, in effect, admitted doing business in the place designated as essential to the venue of an action against it, and it was therefore suable and subject to the service of process at the place and upon the agent so named upon all causes of action arising in this state until it filed a new declaration of abandonment or change as required by said above-quoted provision."

■ These statutes require the consent of the defendant to be coextensive with the boundaries of the state; there is only one agent required to be appointed for the whole state on whom process can be served. If the agent should go to any other district in the state, service on him there would unquestionably be good. Then why not let process from any district in the state be served on him anywhere in the state? It is well recognized that a state may impose such conditions as it sees fit upon nonresident corporations as a condition of its consent to their doing business in the state. It has been the practice so far as I can gather for all the federal courts in the state to so serve the process; certainly this has been the practice in this district during the fifteen years and more in which I have presided in this court.

In McCullough v. United Grocers' Corp. (D. C.) 247 F. 880, 882, it is said: "Service of summons should be made here in conformity to the state law, and what is a good service under the state statute will be good in federal courts."

Section 724, 28 USCA, the Judicial Code, provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near

as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

While this section does not specifically cover the question raised, it does show a purpose on the part of Congress to have the federal court conform as near as may be to the practice of the state courts. To deny the plaintiff in this case the right to have his process served in the Northern district is to deny him the right granted by the federal statutes to sue in his own district where the defendant is a nonresident. It also is to give to the residents of the Northern district in this state a right to so sue under similar facts while denying that right to the residents of the Middle and Southern districts.

In the case of the Louisville & N. Railroad Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 332, 73 L. Ed. 711, an analogous question was presented; in that case the question did not arise on the validity of service of process, but did arise on the question of whether or not the defendant had, by appointing an agent under the Louisiana statutes, on whom process might be served, consented to be sued on a cause of action arising outside of the state, and, after discussing it at some length, the opinion states: "We decide only that, in the absence of an authoritative state decision giving a narrower scope to the power of attorney filed under the state statute, it operates as a consent to suit upon a cause of action like the present arising out of an obligation incurred within the state although the breach occurred without."

It will be observed that in that case the injury was incurred outside the state, though the ticket was sold in it, and yet the court held that the appointment of the agent operated as a consent to suit within the state. Now, as the federal court infers a consent by a nonresident corporation to suit in a federal court in the state under such a state statute, why should not its consent also be inferred to a service in the same manner as that provided by a state act for its courts? I can see no distinction between the two propositions.

. The Louisiana statute made no reference to suit in a federal court, but was a broad, general statute just as this Alabama statute is.

If the federal court could infer from a compliance with its terms by a nonresident corporation a consent to be sued in a federal court of that state, why is not the same consent inferred to service of process in Alabama in the same manner as by the Alabama courts?

Undoubtedly, that portion of the Alabama statutes requiring the appointment of the agent and its consent for service on him in Alabama gives the right to the federal court to serve its process on such agent, and so bring the corporation into court, to the same extent as it does on its state courts. Why then should the federal court deny, limit, or give any less efficiency to the portion of the statute as to the method of service?

If the defendant has by compliance with the statute consented to one part, it has consented to all. If the defendant has consented to the place of suit, it has also consented to the method of service. If the consent as to one applies in the federal court, then also the consent as to the other applies.

There are other matters where a party has bound himself by accepting benefits under a statute, so as to prevent him from raising certain questions.

In Shepard v. Barron, 194 U. S. 567, 24 S. Ct. 737, 48 L. Ed. 1115, it is held that one who seeks and accepts the benefit of an act cannot thereafter question the constitutionality of such act. This was also consent implied in a federal court from a party's accepting benefits of a state act.

In McClamroch v. Southern Surety Co., 193 Iowa, 249, 187 N. W. 41, it is held that service from a federal court was properly served on an agent designated in North Carolina by a foreign corporation. This was also an acceptance by a federal court of the beneficial provisions of a state statute, and there are many others unnecessary to enumerate.

In fact, I know of no case of a state act making general provisions binding parties who do certain acts, where the federal courts have limited the effect of such conduct to the state courts, but they have always enforced such obligation just as though the federal courts were also specifically named.

The state enactments declare in effect that the appointment of an agent by a nonresident corporation shall amount to its consent for any suit lawfully brought in the state to be served on such agent, and that such process may be served on him in any county in the state, regardless of where the suit was filed.

The motion to quash is overruled.