## DE LAET v. SELTZER.
### No. 5414.

District Court, E. D. New York.
Dec. 13, 1932.

Alfred T. Rowe, of New York City (Sol Gelb, of New York City, of counsel), for plaintiff.

Alphonse J. D'Auria, of New York City, for defendant.

GALSTON, District Judge.

The defendant appears specially and seeks by motion to vacate the service of the summons and complaint on the ground that the court has no jurisdiction over the person of the defendant.

It appears that the action is one based on personal injuries sustained by the plaintiff arising out of the alleged negligent operation

of the defendant's automobile in the Eastern District of New York.

The defendant is a resident of Pennsylvania, and was so at the time of the accident. Service was effected upon him in accordance with the provisions of section 52 of the Vehicle and Traffic Law of the state of New York (Consol. Laws, c. 71). This section provides that, where a nonresident operates a motor vehicle on a public highway in the state of New York, such operation "shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway. * * * *"

The statute further provides that service of the summons shall be made by leaving a copy thereof with the Secretary of State and by sending a copy of the summons by registered mail to the defendant.

The legality of such service is contested.

■ The Court of Appeals of this state has held the statute constitutional. Shushereba v. Ames, 255 N. Y. 490, 175 N. E. 187; Ida Kurland et al. v. Louis Chernobil et al., 260 N. Y. 254, 183 N. E. 380.

The only question apparently open is whether such service, admittedly valid in a state court action, is a valid service under federal law.

In Jewett v. Garrett (C. C.) 47 F. 625, service on a nonresident who was passing through the district on his way home to another state, with no intention of remaining in the district, was held valid, on the ground that it was valid according to the practice of the state courts.

So also in Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co. (C. C. A.) 37 F.(2d) 695, 698, the court considered the effect of a state statute authorizing a state officer to accept service on behalf of a foreign corporation, and it was said: "The construction and effect given by the state court to a state statute of this character * * * will be followed by federal courts sitting within that jurisdiction. Pennsylvania Fire Insurance Co. v. Gold Issue Co., 243 U. S. 93, 37 S. Ct. 344, 61 L. Ed. 610; Louisville Railway Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711; Maichok v. Bertha-Consumers Co. (C. C. A.) 25 F.(2d) 257; Smolik v. Philadelphia Iron Co. (D. C.) 222 F. 148; Mooney v. Buford Co. (C. C. A.) 72 F. 32."

See, also, Cohen v. Plutschak et al. (D. C.) 40 F.(2d) 727.

The motion to vacate the service of the summons and complaint must therefore be denied.

■ However, I find in the complaint that there is no allegation that the plaintiff is a resident of this district. There is a general allegation that a diversity of citizenship exists between the plaintiff and the defendant. In cases in which the jurisdiction of the court depends upon diverse citizenship of the parties, either plaintiff or defendant must be a resident and citizen of the district. U. S. Code, title 28, § 112 (28 USCA § 112); Single v. Scott Paper Manuf'g Co. (C. C.) 55 F. 553; Hultberg v. Anderson (C. C.) 170 F. 657; Lee v. Chesapeake & Ohio Railway, 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443.

Plaintiff may have twenty days within which to file an amended complaint as to his residence. On his failure of a proper showing, the complaint will be dismissed.

Settle order on notice.

END OF CASES IN THIS VOLUME