## CAMP v. CITIES SERVICE GAS CO.
### No. 6124.

District Court, W. D. Oklahoma.
Dec. 14, 1936.

Albert L. McRill, of Oklahoma City, Okl., and M. F. Priebe, of Enid, Okl., for plaintiff.

R. E. Cullison, of Blackwell, Okl., and Glenn W. Clark, of Bartlesville, Okl., for defendant.

VAUGHT, District Judge.

This matter comes on to be heard on the motion of the defendant to quash the service.

The plaintiff is a resident of Major county, Okl., and within the Western Federal Judicial District of Oklahoma. The defendant is a foreign corporation licensed to do business in this state and with its principal place of business in the city of Bartlesville in the state of Oklahoma and within the Northern Federal Judicial District of Oklahoma.

At the time the defendant qualified to do business in the state as a nonresident corporation, it designated Fisher Ames of Oklahoma City as its service agent.

The plaintiff brings this action alleging that the cause of action arose in the state of Texas and is based upon injuries received by the said minor, Lile Camp, while residing with his parents, in a house owned by the defendant corporation of which the plaintiff's father was an employee; that certain trees in the front yard were held in place by guy wires which were fastened in the ground by stakes made of steel rods driven into the ground and extending above the ground approximately eighteen inches; that the plaintiff, while playing in the yard, stumbled over the stakes and guy wires and was severely injured, damages for which this action is brought.

The action was filed in this court, and service upon the defendant was had by serving the service agent in Oklahoma City.

The defendant contends that, the cause of action having arisen beyond the borders of this state and not within the state, the action could only be brought in the federal judicial district in which the defendant had its principal place of business and where its officers resided; that it could not be brought in the Western Judicial District of Oklahoma, for the reason the defendant corporation had no place of business in the Western District, nor officers or agents residing in that district, and that the mere fact that the service agent resided in the Western District of Oklahoma was not sufficient to give the Western District Court jurisdiction.

The defendant further contends that the Oklahoma Statutes providing for the compulsory appointment of a service agent was enacted for the benefit of the state of Oklahoma and not for the benefit of a nonresident of the state of Oklahoma; that it was to require the nonresident corporation to put itself in the same situation within the state as a domestic corporation for the purposes of suits or causes of action arising within the state or arising from transactions within the state.

Article 9, section 43, of the Constitution of Oklahoma, provides the manner in which foreign corporations may be permitted to do business in this state and in that connection provides that the foreign corporation shall file with the Corporation Commission a list of its stockholders, officers, and directors, with the residence and post-office address of each as well as the amount of stock of each. And, furthermore, before being licensed to do business in the state, the foreign corporation shall designate an agent residing in the state, and service of summons or legal notice may be had on such designated agent and such other agents as might be provided for by law. It provides further that suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise.

Section 115 of the Oklahoma Statutes 1931 provides: "In addition to the other counties in which an action may be brought against a non-resident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to, such defendant, or where such defendant may be found; if such defendant be a foreign insurance company, the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides, or where such company has an agent."

Section 130, Oklahoma Statutes 1931, provides: "Every foreign corporation shall, before it shall be authorized or permitted to transact business in this State or continue business therein, if already established, by its certificate under the hand of the president and seal of the company, appoint an agent who shall be a citizen of the State and reside at the state capital, upon whom service of process may be made in any action in which said corporation shall be a party; and action may be brought in any county in which the cause of action arose, as now provided by law. Service upon said agent shall be taken and held as due service upon said corporation; and such certificate shall also state the principal place of business of such corporation in this State, with the address of the resident agent."

Section 112, Oklahoma Statutes 1931, provides: "An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned or in the county where the cause of action or some part thereof arose."

Section 51 of the Judicial Code, as amended (28 U.S.C.A. § 112), provides: "* * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Counsel for plaintiff in their brief refer to the case of Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 679, 71 L.Ed. 1165. This case, in the judgment of the court, is not applicable. In this case a suit was brought in a county in a state where neither the nonresident corporation had an agent for service or an officer, or agent of any character, and the court said:

"Thus the statutes were applied as permitting the defendant, a foreign corporation doing business in one county, to be sued in another county, where it did no business and had no office, officer, or agent, on a cause of action which arose in the former. Other counties lay between the two, making the distance from the defendant's place of business to the place of suit 75 miles by railroad and a few miles less by public roads. This, of course, tended to increase materially the burden otherwise incident to presenting a defense.

"It is conceded that the statutes neither permit a domestic corporation to be sued in a county in which it does no business and has no office, officer, or agent, nor permit a natural person to be sued in a county in which he does not reside and is not found. On the contrary, they confine the admissible venue as to both to counties in which the defendant is present in one of the ways just indicated. But a foreign corporation is differently treated. If it be present in a single county, as by having a place of business there, it is made subject to suit, not merely in that county, but in any of the 74 other counties, although it be not present in them in any sense.

"We think it very plain that the statutes discriminate against foreign corporations, and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial."

In this case the Supreme Court holds void the statute of Arkansas which allows the discrimination discussed in the opinion.

A case, however, which does appeal to this court in its reasoning, is Simon v. Southern Railway Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. The substance of the case is stated in the headnote, as follows: "Service of process, in a suit against a foreign corporation who has not appointed a resident agent, upon the Secretary of State under the Louisiana statute providing for such service is not sufficient to give the court jurisdiction of a suit based on a cause of action arising in another State, and judgment entered thereon by default is absolutely void, and enforcement thereof, other jurisdictional facts existing, can be enjoined by the Federal court."

In the opinion the court says:

"But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Life Association v. McDonough, 204 U.S. [8] 22, 27 S.Ct. 236, 51 L.Ed. [345] 351, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states. * * *

"From the principle announced in that case it follows that service under the Louisiana statute would not be effective to give the district court of Orleans jurisdiction over a defendant as to a cause of action aris-

ing in the state of Alabama. The service on the Southern Railway, even if in compliance with the requirements of act 54, was not that kind of process, which could give the court jurisdiction over the person of the defendant for a cause of action arising in Alabama."

In Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201, the court said: "The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State. Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. * * * But the reasons for a limited interpretation of a compulsory assent are hardly less strong when the assent is expressed by the appointment of an agent than when it is implied from going into business in the State without appointing one. In the latter case the implication is limited to business transacted within the State. * * * Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere."

In Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 331, 73 L.Ed. 711, the court said: "Where jurisdiction has been denied, the cause of action not only arose outside the state, but it was not shown to have arisen out of any business conducted by the corporation within it or to have had any relation to any corporate act there. * * * In such a case, whether the jurisdiction invoked be deemed to depend upon the presence of the corporation within the state through the doing of business there, or on its consent by the designation of an agent, the implication is that the liability to suit does not extend to causes of action which have nothing to do with any act of the corporation within the state."

The statutes of Oklahoma do not expressly provide that, in an action arising outside the state of Oklahoma and brought within the state of Oklahoma, service can be had upon a foreign corporation by service upon the service agent, and counsel have cited no cases of the Supreme Court of Oklahoma construing this act, giving the plaintiff, in an action arising outside the state and brought within the state, the right to secure service upon the defendant, a foreign corporation doing business within the state, by serving the service agent.

The defendant corporation has a principal place of business in the state of Oklahoma within the Northern Federal Judicial District, and the plaintiff can maintain an action in that district and get service upon the defendant corporation by serving an officer of the corporation at Bartlesville, within the Northern District.

In view of the authorities cited and the express holding of the Supreme Court of the United States, this court feels that a different rule applies to actions arising within the state and without the state, and, where the action arises without the state on a transaction or contract without the state of Oklahoma, and the plaintiff then removes to the state of Oklahoma, he is not entitled to the benefit of the act of Oklahoma providing for a compulsory service agent for the benefit of Oklahoma, but must resort to service upon the defendant in the district in which it has an officer or a place of business.

If there be an act of the Oklahoma Legislature expressly providing that service may be had, in an action arising without the state, on the service agent within the state, or if the Supreme Court of Oklahoma has construed the statute of Oklahoma to that extent, then this court would be bound thereby. But considering the Oklahoma Statutes as they are, and no decision of the Supreme Court having been called to the attention of this court which enlarges that statute in any manner, the decisions of the Federal Supreme Court are controlling.

The motion to quash service on the service agent, therefore, is sustained and an exception is allowed. An order consistent with this opinion may be submitted.