## DALY et al. v. READING CO. et al.

### No. 5823.

District Court, D. New Jersey.

Aug. 20, 1937.

356

Reger & Smith, of Somerville, N. J., for the motion.

Skeffington & Walker, of Newark, N. J., opposed.

FORMAN, District Judge.

The plaintiffs Bartle Daly and Carl Sefstrom are residents of the state of New York, and another plaintiff, Travelers Insurance Company, is a corporation of the state of Connecticut. They sue defendant, Reading Company, in the District of New Jersey in a law action charging it with negligence. The Reading Company has appeared specially for the purpose of making a motion to dismiss the complaint, on the ground that it and the plaintiffs are not inhabitants, or citizens, of New Jersey, and are not amenable in this action to the jurisdiction of this court.

The controversy is governed by the following section of the Judicial Code (section 51, as amended by Act April 16, 1936 [28 U.S.C.A. § 112]): "Except as provided in sections 113 to 117 of this title, no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholder's action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

In the argument of counsel for the plaintiff there was some suggestion that this was an admiralty action. Beyond the allegation in the complaint that the injury to the plaintiff Sefstrom was brought about *due to the negligent operation of the defendant's boat*, there are no facts to support such a conclusion.

Regarding these proceedings, then, as a civil suit at law, wherein jurisdiction is founded only on the fact that the action is between citizens of different states, the above-quoted section of the Judicial Code applies. It is admitted that neither the plaintiffs nor defendant Reading Company are inhabitants of this district. Plaintiffs contend that, by reason of the fact that the defendant Reading Company does business in this state, it is susceptible to service as made in this cause. Their most important argument is founded on an opinion of the United States Supreme Court in the case of Louisville & N. Ry. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L. Ed. 711. In this case, however, the plaintiff was a bona fide resident of the district in which the suit was brought. Hence, *he came within the provisions of the statute*, and the court concerned itself with the question of whether the defendant actually was within the state so legal service could be made upon it. The distinguishing feature between that decision and the case at bar is that here neither the plaintiffs nor the defendant Reading Company are citizens of New Jersey. Therefore, the case does not have application.

"When the jurisdiction of a District Court is invoked on the sole ground of diversity of citizenshp, an action may be brought in a district of which the plaintiff is a resident against a corporation, created by the laws of another state, or subjected by statute to the jurisdiction of the courts of the state in which the district is located, or doing business in the district; but a suit, based upon diversity of citizenship, between a citizen of one state and a corporation of another state, or between a citizen of one state and citizens of other states joined with corporate defendants, cannot be brought in a district of which neither the plaintiff nor the defendant is, nor the defendants are, resident, against the objection of the nonresident defendant, even though the corporate defendant has a place of business in the district". 3 Hughes, Federal Practice, Jurisdiction and Procedure, § 2100, p. 320.

In a case decided by Judge Woolley of this circuit, and tried in this district, it was held: "As the defendant corporation is a

'person' within the meaning of the section, so also it may be an 'inhabitant,' Riddle v. New York, etc., R. Co. (C.C.) 39 F. 290; and it is a citizen or inhabitant only of the state in which it was incorporated, U.S.C.A., tit. 28, § 112, pp. 48, 50, 51; and, except when otherwise specifically provided, it is not suable elsewhere without its consent, United States v. Northern Pacific R. Co. (C.C.A.) 134 F. 715; U.S.C.A., tit. 28, § 112, p. 50. Doing business in a state other than that of its incorporation (as the defendant in this case, a corporation of Pennsylvania, is engaged in business in New Jersey), does not, broadly stated, make the corporation an inhabitant of that state for purposes of jurisdiction", Steidle **v.** Reading Co. (C.C.A.) 24 F.(2d) 299, 301; certiorari denied by United States Supreme Court, 278 U.S. 609, 49 S.Ct. 13, 73 L.Ed. 535.

Although the facts in the last-cited case differ from those in the one at bar in that in the former the plaintiff and defendant were both inhabitants of Pennsylvania, while the suit was in New Jersey, yet the basic principle above quoted governs in this case likewise.

The motion of the defendant Reading Company to set aside the service of the summons and complaint, and to dismiss the complaint in so far as it relates to the Reading Company, will be granted.