Loyola B. **GAITHER**, Plaintiff,

v.

**CANADIAN NATIONAL RAILWAY CO.** and Lehigh Valley Railroad Company, Defendants.

Civ. No. 19098.

United States District Court
E. D. New York.

July 6, 1959.

Herbert Ginzburg, Staten Island, N. Y., for plaintiff.

Jose R. De Capriles, New York City, for defendant Lehigh Valley Railroad Co.

Bleakley, Platt, Walker, Hart & Fritz, New York City, for defendant Canadian National Railway Co.

ZAVATT, District Judge.

The plaintiff moves for leave to amend her complaint to allege, inter alia, the breach by the Canadian National Railway Co. of an obligation to provide the plaintiff with proper and safe accommodations according to the terms of her passage from New York City to Vancouver, B. C., as the result of which the plaintiff claims to have suffered the injuries for which she sues.

The defendant, relying upon Louisville & N. R. Co. v. Chatters, 1929, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711 and Solomon v. Pennsylvania R. Co., D.C.S.D. N.Y.1951, 96 F.Supp. 709, cross-moves for an order dismissing the action on the ground that neither the original nor the proposed amended complaint states a claim upon which relief can be granted against Canadian.

Although no appearance was made on behalf of the plaintiff on the argument of the motions, I am of the view that justice requires that leave be given to amend the complaint, Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and that the cross-motion to dismiss the complaint as amended should be denied. The amended complaint alleges that the plaintiff purchased a ticket from Canadian for passage from New York to Vancouver; that at the direction of Canadian she boarded a train owned, operated and controlled by the defendant Lehigh Valley Railroad Company; that during the course of the trip she was removed from her sleeping car berth by Lehigh, and was directed to a washroom of the train, that being the only available unoccupied space thereon; that the train travelled at an excessive rate of speed around a curve in the vicinity of DePew, New York, causing the plaintiff to be thrown from her seat in the washroom to the floor, as the result of which she sustained the injuries of which she complains; and that such injuries were a result of the breach by Canadian of its contract to provide the plaintiff proper and safe accommodations according to the terms of her passage.

In both cases cited by Canadian the *proof* failed to establish liability of one carrier for wrongs occurring on a line under the control of another. In Chatters it was shown that by specific disclaimer on its ticket and by limitation of liability in its filed tariff the carrier which was sought to be charged provided that it should not be responsible beyond its own line. There was no evidence that the said carrier's own negligence contributed to the injury, although it is inferable from the decision that had the carrier's own negligence caused or contributed to the injury it could have been held liable for injuries occurring beyond its own line. In Solomon the carrier which was sought to be charged was merely the agent in the sale of a ticket for that part of the journey which was made on another carrier's tracks, and in no way contributed itself to the damages suffered by the plaintiff. Here no disclaimer or tariff is before the court, nor is there any *evidence* relative to the respective responsibilities of Canadian and Lehigh. Then too, even if it were shown that Canadian disclaimed responsibility beyond its own line, it is far from clear that Canadian would thereby escape liability for its own failure, if such is the case, to provide proper and safe accommodations for the plaintiff, as it may have agreed to do.

It cannot be said that the complaint fails to state a claim, and, barring a showing which would warrant the grant-

ing of summary judgment in favor of Canadian, the complaint should be sustained.

The motion to amend is granted. The cross-motion to dismiss the complaint is denied. The foregoing shall constitute an order.