J. E. PETTY & CO., Inc., v. DOCK CONTRACTOR CO.

(District Court, E. D. Pennsylvania.   January 10, 1922.)

No. 6736.

1. **Courts ⊙—2—Jurisdiction divided into jurisdiction of the subject-matter, jurisdiction of particular cause, and jurisdiction of the parties.**

Jurisdiction is divided into jurisdiction of the subject-matter, jurisdiction of the particular cause, involving questions of venue, and jurisdiction of the parties, involving questions of process or its service.

2. **Courts ⊙—344—Service outside of district of marshal to whom process was directed held void.**

In an action brought in the Eastern district of Pennsylvania against a corporation doing business in such state as a foreign corporation, service in other district of process addressed to the marshal of the district in which the action was brought, by the sheriff of the county in the other district on the secretary of the commonwealth, designated as the person on whom process could be served in actions against foreign corporations, *held* void, even though the secretary is regarded as a resident of every county in the state, since the process could not be served out of the district of the marshal to whom directed.

3. **Courts ⊙—259—State cannot confer authority on federal courts to serve process beyond limits prescribed by Congress.**

The state Legislature cannot confer on federal courts authority to serve their process beyond the limits which Congress has prescribed.

At Law.   Action by J. E. Petty & Co., Incorporated, trading as the Lebanon Boiler Works, against the Dock Contractor Company, a corporation.   On rule to strike off return of service.   Rule made absolute.

Order affirmed 283 Fed. 341.

Trevor T. Matthews and Wendell P. Bowman, both of Philadelphia, Pa., for plaintiff.

E. Spencer Miller, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   The substantial question raised in this cause is whether the process as invoked and served has brought the defendant into court.   The cause has been before us a number of times, and has been argued from what would seem to have been every possible angle.   Indeed, the course of the litigation is open to the criticism of an indulgence in nothing more than legal sparring over what are no more than formal procedural rights.   None the less, as the defendant is raising a question of right, whatever its rights are found to be must be accorded to it.   Notwithstanding the broad scope and fullness of the argument, our analysis of the fact situation, out of which the law of the case arises, developed as the point in the case one which had been wholly ignored in the argument.   Because of this counsel were invited to submit additional paper books directed to this overlooked feature.   This has now been done.

[1] It is an allowable expression to speak of the question raised as one of jurisdiction.   Conceiving of jurisdiction broadly and in the abstract as the capacity and (viewing it as a possession of the court) the right to exercise the judicial power, and in the concrete as the posses-

sion of the power to adjudicate a particular case, we may divide it, without attempting to make the division complete, into jurisdiction of the subject-matter, jurisdiction of the particular cause, and jurisdiction of the parties. When attention is directed to any one of these features, we commonly speak of the first as "jurisdiction," qualified by the phrase, "of the subject-matter"; the second, which is nothing more than the inquiry of whether the court is the court designated by law to decide the particular case, we speak of as the "venue"; and the third we refer to as questions of "process," or as "service."

There is no controversy over the jurisdiction of the subject-matter. This court admittedly has it. Inasmuch, however, as courts of the United States have this jurisdiction only under special circumstances, and of this cause only because of the diversity of the citizenship of the parties, and forasmuch as this court is the court designated by law to exercise such jurisdiction only if it be the court of the district in which one of the parties resides, the question of venue properly arises. We do not, however, feel called upon to determine it, for the reason that, if it is determined one way, the determination is in accord with the conclusion reached on the third ground, and, if it is otherwise determined, the conclusion next reached is controlling. The real question is in consequence one of the proper service of the writ.

This question has many divisions, all of which were fully discussed at bar, except that to which we have referred as the omitted one. We again omit any ruling upon these other subsidiary questions for the same reason we passed by the question of venue. However these questions may be ruled, the ruling is either the same as that made upon the other point or in no way affects the latter. The service as returned is that it was made by the sheriff of Dauphin county, who was designated by the marshal to so serve it. This means that the service was made by said sheriff, or, treating the service as thus made as one made by the marshal, it was a service made by the marshal outside of the territorial limits of this district. There are many kinds of process, as many kinds of service of process, and a number of different persons by whom service can be made. Subpoenas in equity, writs in actions at law, and subpoenas directed to witnesses may be instanced as illustrations of different kinds of process. Service upon defendants personally, by leaving a copy of the process at the residence of the defendant with some one there found, or in the case of some defendants at their place of business; the like service upon some one not the defendant, but designated by the defendant or the law as a person upon whom service can properly be made; and service by publication—are illustrations of different modes of service. Again, the law may authorize any one to make service, or it may designate a particular person or official to make it. Those interested in certain features of the general questions which are thus suggested will find quite an elaborate discussion of them by Judge Cadwalader, in the case of Winter v. Ludlow, 3 Phila. 464. The service here was not upon the defendant, but upon the secretary of the commonwealth.

Waiving, as we do, the question of whether service upon him was service upon the defendant, and thereby assuming that it was, the ques-

tion narrows itself to the one of whether the defendant was thus properly served out of this district. Such a question might have been, and often is, further narrowed into the question of how far the courts can go by way of an inquiry into the facts of service, and act upon conclusions of fact thereby reached which are in contradiction of the facts stated in the return. We are relieved of this narrower question because this return shows the fact to be, as the real fact was, that the physical act of service was done outside of this district. We start with the assumption that this writ was required by law to be directed to the marshal of this district, and to be served by him, and that he is without legal authority to perform any official acts of this character outside of the limits of this district in any other instances than the exceptional cases in which he has been authorized to make service outside of the district, and that there is no act of Congress which brings this case within any of these exceptions. We further find the fact to be that this writ was so directed, and that the marshal served it, if at all, which we further assume he did, in the Middle district.

Counsel for plaintiff supports the service by advancing two propositions. One is that in intendment of law the secretary of the commonwealth, when designated as a person upon whom service of process may be served affecting foreign corporations doing business within the state, is to be regarded as a resident of any and every county in the state. This proposition may be conceded, and we have in effect accepted a corollary to it by assuming arguendo that a corporation, which has designated the place of its habitat in the foreign jurisdiction for the purposes of service, is a resident of that place.

[2] We do not see, however, that the proposition or the corollary touches the point to which we have narrowed the discussion. Residence is one thing; place of service is quite another. A defendant may be a resident of Philadelphia, and yet served with process in Dauphin county. The residence of one of the parties may determine the venue for all the purposes of a finding that the court has jurisdiction of the cause, but the fact of at what place service was had may determine the validity of the service in respect to the other question of whether the court has jurisdiction of the parties. The residence of the secretary of the commonwealth has no bearing upon the place at which he was served. In his capacity of representative of the defendant corporation for all the purposes of service, he may be found to be a resident of Philadelphia or Harrisburg, without affecting in the least the other question of where he was in fact served.

The other proposition advanced is that the service, even if conceded to have been made outside of the district, was a good service. This is not because any act of Congress authorized it, but because it has been so ruled, and Lemon v. Imperial Window Glass Co. (D. C.) 199 Fed. 927, is cited as a case which so rules. We do not find the point to have been ruled in that case, nor that it arose, or could have been raised. Service there had been accepted. No question of legal service could in consequence have been in that case.

[3] This leaves only one other possible question, and we do not understand this to be a controverted one. It is, however, whether the

state Legislature can confer the authority upon courts of the United States to serve their process beyond the limits which Congress has prescribed. As the question in a substantial sense is one of jurisdiction, we do not think an act of the state Legislature can confer jurisdiction. The courts of the United States must determine their own jurisdiction. The state can neither enlarge nor restrict it. The United States courts will determine for themselves whether or not they have jurisdiction of the parties, and as part of this determination the sufficiency of service. If a certain mode or manner of service is prescribed by the state, the courts of the United States, if they find such service to be substantial notice of the pendency of the action or proceeding, may and ordinarily do conform to the state mode, but this is by adoption in the spirit of the conformity statute. This is again a different thing from finding a power which they would not otherwise have to have been conferred upon them by act of assembly simply because that act conferred it upon a state court within the same district.

It is a matter of no practical consequence to this defendant, so far as disclosed, otherwise than harassment to the plaintiff, whether the cause is tried in the Eastern or Western district, and because of this a matter of regret to make a finding which puts the plaintiff out of court. The defendant, however, as before noted, is raising a question of right. It is a further cause of regret that the plaintiff, by bringing its action here, instead of in the Middle district, has opened to the defendant the opportunity of resorting to delaying tactics by raising questions both of venue and service, which otherwise could not have been raised.

The rule is made absolute.

⚙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes