### J. E. PETTY & CO., Inc., v. DOCK CONTRACTOR CO.

(Circuit Court of Appeals, Third Circuit.    August 14, 1922.)

No. 2877.

1. **Corporations ⬥668(1)—Corporation, by agreement, in consideration of privilege of doing business in state, cannot enlarge federal marshal's authority in service of process.**

   A corporation cannot, by agreement entered into in consideration of the privilege to do business in a state as a foreign corporation, vary the method of legal service or enlarge the authority of the marshal of a district in making service.

2. *Courts* ⬥344—Service of process addressed to federal marshal of one district in another district held void.

   In an action brought in the Eastern district of Pennsylvania, against a corporation doing business in such state as a foreign corporation, service in other district of process addressed to the marshal of the Eastern district on the secretary of the commonwealth, designated by such corporation as the agent on whom process could be served under Act Pa. June 8, 1911 (P. L. 710; Pa. St. 1920, § 11054 et seq.), *held* void under Rev. St. U. S. § 787 (U. S. Comp. St. § 1311), limiting the marshal's authority to official acts within his district, notwithstanding Conformity Act (Rev. St. U. S. § 914 [U. S. Comp. St. § 1537]), providing that the prac-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tice, pleadings, and forms and modes of proceeding in civil causes shall conform as near as may be to the practice, forms, and modes of proceeding in like causes in the state courts, in view of·Act Cong. May 19, 1828, § 1 (U. S. Comp. St. § 1536).

**3. Courts** ☞344—**Word "practice," within Conformity Act, held applicable to mode of service of process.**

The word "practice," within Conformity Act (Rev. St. § 914 [Comp. St. § 1537]), providing that the "practice, pleadings, and forms and modes of proceeding," in civil causes in the District Courts, shall conform to practice and forms and modes of proceeding in like causes in the state courts, ·held to include the mode of serving process.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Practice (In Law).]

**4. Process** ☞52—**Validity of service depends on authority of officer making it.**

Validity of service depends on the authority of the officer making it.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by J. E. Petty & Co., Incorporated, trading as the Lebanon Boiler Works, against the Dock Contractor Company, a corporation. Rule to strike off return of service made absolute (283 Fed. 338), and plaintiff appeals. Affirmed.

Trevor T. Matthews and Wendell P. Bowman, both of Philadelphia, Pa., for appellant.

E. Spencer Miller, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.·

WOOLLEY, Circuit Judge. The plaintiff is a Pennsylvania corporation. The defendant is a New Jersey corporation registered at Harrisburg as a foreign corporation doing business in Pennsylvania, with its principal place of business in Philadelphia. Pursuant to the Act of the General Assembly of Pennsylvania of 1911 (P. L. 710; Pa. St. 1920, § 11054 et·seq.), the defendant filed with the Secretary of the Commonwealth a power of attorney appointing him its authorized agent upon whom all lawful process in any proceeding against it might be served and agreeing that "service of process on [him] shall be of the same legal force and validity as if served upon it [the said corporation]." Section 2 (section 11055). This statute further provides for the issuance of process by certain courts in any county of the commonwealth against a foreign corporation so registered and for service thereof upon the Secretary of the Commonwealth, as its authorized agent, by the Sheriff of Dauphin County.

The plaintiff brought this action in the District Court of the United States for the Eastern District of Pennsylvania. The Marshal for the Eastern District sent the writ of summons to the Sheriff of Dauphin County for service upon the Secretary of the Commonwealth, the authorized agent of the defendant foreign corporation, at Harrisburg, a city within the Middle District of Pennsylvania. The Marshal made return of the writ as follows:

"And now, February 10th, 1920, at ten thirty o'clock a. m. Served within Summons in Assumpsit on Dock Contractor Company by leaving a true and

---

attested copy thereof in duplicate, in the office of the Secretary of the Commonwealth of Pennsylvania, with C. R. Willets, Clerk, and party in charge, the lawful attorney, duly constituted by the said Dock Contractor Company upon whom all lawful process in any action, Rule or legal proceeding against it may be served and paying to him in behalf of the plaintiff at the time of service thereof the sum of Two ($2.00) Dollars as required by law.

"So answers                                    B. R. Speas, Deputy Sheriff.
        "Geo. W. Karmony, Sheriff of Dauphin County, Pennsylvania.
    "February 10, 1920, served the within Writ at Harrisburg, Pa., upon the Secretary of the Commonwealth as appears by the return of the Sheriff of Dauphin County attached within.

"So answers                             Frank J. Noonan, U. S. Marshal,
                                            "By Thos. Marple, Deputy."

The defendant entered a special appearance and moved to set aside the return. A rule issued and on hearing was made absolute. The court's decision, under the circumstances, put an end to the action. The plaintiff is here on appeal, raising two questions. We shall review only the one question passed upon by the court, which is: Whether service of the writ as shown by the return is valid.

We would decide this question on the opinion of the learned District Judge as correctly stating the law and fully reflecting our views but for a phase of the argument on appeal which apparently was not presented to him. We refer to his opinion for a full discussion of the question. (C. C. A.) 283 Fed. 338.

[1] We have here a case where process, addressed to the Marshal, was in fact served by the Sheriff of Dauphin County. Or, treating the service thus made by the Sheriff as one made by the Marshal, we have a case where service was made by the Marshal outside of the territorial limits of his district. Was the service in either aspect valid? The plaintiff says it was, upon the contention that, by force of the Conformity Act (section 914, R. S.; Comp. St. § 1537), a marshal is empowered to serve process of a federal court, not merely in the mode or manner, but to the territorial extent provided by state statute for service of process of state courts. As applied to this case, the plaintiff bases this contention upon two considerations. The first is that in its power of attorney the defendant foreign corporation agreed to be sued as a consideration for the privilege of doing business in the Commonwealth of Pennsylvania, Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, and therefore submitted to suit in federal as well as in state courts upon service of the kind provided by state statute for actions brought in state courts. The agreement, as we read it, does not go that far. It goes only to the point "that service of process on the Secretary of the Commonwealth shall be of the same legal force and validity *as if served upon it*, the said corporation." This leaves any question of validity of service upon the defendant foreign corporation just where it was before the agreement was entered into. Or, if construed as the plaintiff urges, the agreement could not, even if so intended, vary the method of lawful service or enlarge the authority of the Marshal in making service.

[2] The next consideration in support of the plaintiff's contention is that the word "practice" in the Conformity Act (providing that "the practice, pleadings, and forms and modes of proceeding in civil causes

[in District Courts] shall conform, as near as may be, to the practice * * * and forms and modes of proceeding * * * in like causes" in the state courts) includes service of process, and therefore service of process by the Sheriff of Dauphin County, in the Middle District, on the designation of the Marshal for the Eastern District, is service of process by the Marshal within the scope of his authority.

[3] Admittedly the "mode" of serving process comes within the term "practice" as used in the Conformity Act and the state law may therefore be followed, Amy v. Watertown, 130 U. S. 304, 9 Sup. Ct. 530, 32 L. Ed. 946, as where in an action against a municipal corporation a state law requires service upon the mayor. But, as pointed out by Judge Hough in Sewchulis v. Lehigh Valley Coal Co., 233 Fed. 422, 147 C. C. A. 358:

"There is a wide difference between the method of serving a summons and the effect of such service when made. The first relates to the 'form, manner, and order of conducting and carrying on suits.' The effect of the formal act called 'service' is not a question of practice at all, but one of jurisdiction, and jurisdiction in turn must be tested by substantive law."

[4]. Applying this test we come first to the Act of Congress of May 19, 1828, c. 68, § 1, 4 Stat. 278 (Comp. St. § 1536), the predecessor of the Conformity Act, which declared that "the forms of mesne process, * * * and the forms and modes of proceeding" in certain federal courts shall be the same as those in the state courts. This Act was held to be "a process act, designed only to regulate proceedings in the federal courts after they had obtained jurisdiction; not to enlarge their jurisdiction." Bath County v. Amy, 13 Wall. 250, 20 L. Ed. 539. Giving the Conformity Act a like construction as affecting jurisdiction, it is clear that the jurisdiction of the District Court over parties to an action is controlled, now as before, by the validity of service of process upon them. Validity of service depends upon the authority of the officer making it. That authority is given the Marshal by federal statute; with a few exceptions not here relevant, it empowers him only to "execute, *throughout the district* all * * * precepts directed to him, and issued under the authority of the United States." Section 787, R. S.; Comp. St. § 1311. The authority of the Marshal, being limited by this statute to official acts within his district, is not expanded by the Conformity Statute to official acts beyond his district. Therefore, when a Marshal serves process in a manner or in a place without authority of law, jurisdiction over the person so served is not acquired by the court for which the Marshal has attempted to act. Agreeing with the learned trial judge that the Marshal had not authority, either under particular or general statute, to delegate the service of the writ in this case or make the service himself outside of his district, we affirm the order making absolute the rule to set aside or strike off the Marshal's return.