## BOYKIN v. HOPE PRODUCTION CO.
### No. 2066.

District Court, W. D. Louisiana, Monroe Division.

Dec. 8, 1931.

G. P. Bullis, of Vidalia, La., and J. B. Dawkins, of Monroe, La., for plaintiff.

Shotwell & Brown, of Monroe, La., for defendant.

DAWKINS, District Judge.

This is an action in damages for breach of contract. Plaintiff alleges that he is a resident of Richland parish, within this district, and that the defendant is a Delaware corporation, which has appointed an agent for service of legal process residing in the city of New Orleans, within the Eastern district of this state. Citation was addressed to and served by the marshal of said Eastern district upon said agent.

Defendant has filed what is styled an exception to the venue and plea to the jurisdiction. In an amended "plea to the jurisdiction" it is alleged as follows: " * *   *   As will appear from the citation issued in said cause, together with the purported return thereon, there has been no service made upon the said Henry Dart within the Western District of Louisiana, wherein the present cause is now pending, the only attempted service in said cause having been made upon said Henry Dart at New Orleans, Louisiana, within the Eastern District of Louisiana, and that such attempted or purported service is illegal, void and of no force and effect, and that this Honorable Court on account of the lack of process has obtained no jurisdiction over the defendant herein, and that therefore.   *   *   * "

Plaintiff contends that the plea should have been by motion to quash the citation, as the court has jurisdiction under section 51 of the Judicial Code (28 USCA § 112), by virtue of the fact that the petition alleges he is a resident of this district and that the matter complained of cannot be set up in the manner attempted. However, whether it be termed an exception to the citation or a plea to the jurisdiction, or venue, the facts upon which it is based are alleged, and defendant prays that

1042

it "be sustained and plaintiff's suit dismissed and erased from the docket of this court. * * *" Whatever may be said about the matter, the issue raised by the plea is as to the power of this court to exercise its jurisdiction in personam over the defendant. The action is transitory in its nature, and, unless the defendant is brought into court by proper process served according to law, there can be no exercise of judicial power over it, which is, in the final analysis, a matter of jurisdiction rationæ personæ. It is true that the federal statute permits the bringing of such an action either at the domicile of the plaintiff or defendant, but in either event there must be a service of process in the manner prescribed by law to sustain the exercise of that jurisdiction. As has been held, the authority of the marshal to make service is limited to the territorial jurisdiction of the court of which he is an officer, and, in the absence of specific provision of federal statute, there is no authority for sending the process of one district into another to be served by the marshal of the latter district. Herriage v. T. & P. Ry. Co. (D. C.) 11 F.(2d) 671; Rakauskas v. Erie R. R. Co. (D. C.) 237 F. 495; Gutschalk v. Peck (D. C.) 261 F. 212; Petty & Co. v. Dock Contractor Co. (D. C.) 283 F. 338; Id. (C. C. A.) 283 F. 341.

Even if tested by the state statute, I do not believe that a service such as has been made in this case could support jurisdiction. Section 1, par. (6), subpar. (d) of Act 179 of 1918, reads as follows: "Where the corporation has established an office in a parish other than that where its agent for service of process resides, the venue of the suit shall, at the option of the plaintiff, be in either the parish where the cause of action arose, or in the parish of the residence of the corporation's agent for service of process, if the cause of action result from a trespass or an offense, or quasi offense, but if the cause of action result from any other cause, the venue of the action shall be in the parish where the agent for service of process has his residence, unless the act or transaction from which the cause of action arose was wholly transacted or completed in some other parish where said corporation had and maintained an office."

The cause of action in the present case does not arise out of trespass or an offense or quasi offense (tort), nor does it appear that the transaction out of which the demand grows was in a parish where the defendant "corporation had and maintained an office." Nothing is presumed as to the jurisdiction of a federal court, and, considering the allega-

tions of the petition and the manner of service in this case, I am impressed that the jurisdiction cannot be maintained even under the state law, which I do not believe is controlling.

The plea will therefore be sustained and the suit dismissed, without prejudice to the right to renew it should plaintiff be able to obtain lawful service in this district.

Proper decree should be presented.