## AMERICAN INDEMNITY CO. v. DETROIT FIDELITY & SURETY CO. et al.

### No. 1121.

District Court, S. D. Texas, Galveston Division.

Aug. 9, 1932.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, Tex., for plaintiff.

Levy & Levy and Armstrong, Cranford, Barker & Bedford, all of Galveston, Tex., for defendants.

KENNERLY, District Judge.

The pleadings of the parties show that plaintiff, American Indemnity Company, a Texas Corporation, is engaged in the general insurance business, that the Mullin-Acton Company was its agent in the state of California, and that defendants each executed to plaintiff a bond insuring the fidelity of Mullin-Acton Company, as such agent. Alleging default by Mullin-Acton Company, plaintiff sues defendants on such bonds.

Defendants each attack the jurisdiction of the court and the process issued and served upon Craig Belk and John F. Battaile, respectively, and in connection with such attack, each defendant has entered into a separate stipulation with plaintiff, agreeing that such attack upon the jurisdiction, and upon such service of process, shall be determined from such stipulations. The matters set forth in the stipulations will appear in the discussion.

(1) Under such stipulations, it is agreed that plaintiff and each defendant are citizens of different states (plaintiff, a citizen of Texas, Detroit Fidelity & Surety Company, a citizen of, Michigan, and Union Indemnity Company, a citizen of Louisiana), and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $3,000. That this court, therefore, has jurisdiction under subdivision 1 of section 41, title 28, USCA, is certain.

■ (2) It is agreed, in effect, in such stipulations, that plaintiff is an inhabitant of this district. This suit being brought in the district of which plaintiff is an inhabitant, and jurisdiction being founded only on the fact that the action is between citizens of different states, the venue is properly laid in this district. See sections 112, 113, and 114, title 28, USCA.

But as was said by the Supreme Court of the United States in a similar case (Robertson v. Railroad Labor Board, 268 U. S. 624, 45 S. Ct. 621, 623, 69 L. Ed. 1122): "It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant."

Is there personal jurisdiction in this district over the defendants?

The defendants being corporations, the question hinges on whether they are doing business in this district in such manner as to subject them to the jurisdiction of this court. In this connection, the language of the Supreme Court in a similar case, St. Louis Southwestern R. Co. v. Alexander, 227 U. S. 226, 33 S. Ct. 245, 247, 57 L. Ed. 489, Ann. Cas. 1915B, 77, is helpful. It is there said: "This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process. Lafayette Ins. Co. v. French, 18 How. 407, 15 L. Ed. 452; Green v. Chicago, B. & Q. R. Co., 205 U. S. 532, 51 L. Ed. 917, 27 S. Ct. 595."

■ (3) The facts with respect to whether the Detroit Fidelity & Surety Company (hereinafter referred to for convenience as surety company) is doing business in this district are contained in the stipulation between plaintiff and such defendant.[1]

That such defendant has done no business in this district directly through T. A. Manning & Sons, of Dallas, is made clear. Business was done in this district directly, however, through Thomas W. Hopkins, of Houston, Tex. Hopkins solicited and executed

[1] "The Detroit Fidelity & Surety Company is incorporated under the laws of Michigan, and has its domicile and residence in that State with its home office and principal place of business in the City of Detroit, and is licensed to do business in the State of Texas under a permit issued subject and pursuant to the laws of Texas relating to fidelity and surety companies, and particularly under chapter 16, title 78, Revised Civil Statutes of Texas (article 4969 et seq.).

"That T. A. Manning & Sons of Dallas, Texas, were appointed as agent pursuant to the requirement for such appointment contained in article 4971, Revised Civil Statutes of Texas of 1925; that said T. A. Manning & Sons reside in Dallas County, Texas, and that W. A. Tarver, Insurance Commissioner of the State of Texas, resides in Travis County, Texas, and that neither T. A. Manning & Sons nor the said W. A. Tarver reside within the Southern District of Texas over which this court presides; and that neither T. A. Manning & Sons nor the said W. A. Tarver has been served with citation or other process in this case.

"That Thomas W. Hopkins is an agent for said defendant, Detroit Fidelity & Surety Company with the following authority only:

"To solicit fiduciary and surety bonds on behalf of said defendant; to execute the same on behalf of defendant corporation using printed forms supplied by said company; and to report such execution promptly to the said T. A. Manning & Sons of Dallas; to collect premiums for said bonds on behalf of the company and to remit the same, less his commissions, to the said T. A. Manning & Sons.

"That he has never been designated agent for service as required by article 4971 Revised Civil Statutes of Texas of 1925; that he has been served with summons by the plaintiff as an alleged agent for service of Detroit Fidelity & Surety Company and that no other agent of said company has been served."

Additional Stipulations are contained in Counsel's Letter of August 4, 1932, as follows:

"Replying to your letter of August 3rd you are advised that T. A. Manning & Sons of Dallas, referred to in the stipulation between American Indemnity Company, plaintiff, and Detroit Fidelity & Surety Company, defendant, do not at this time and have not previously engaged in the transaction of any business on behalf of Detroit Fidelity & Surety Company in the Southern District of Texas. T. A. Manning & Sons, as the stipulation provides, are the agent appointed pursuant to article 4971, Revised Civil Statutes of Texas, by Detroit Fidelity & Surety Company. The members of this agency do not reside in the Southern District of Texas. The said Thomas W. Hopkins resides in Houston, Harris County, Texas. He has not been appointed under the terms of said Article 4971 as a statutory agent for service. He is engaged and was at the time of service, engaged in performing on behalf of the Detroit Fidelity & Surety Company the acts and business which he is authorized to perform as set out in the stipulation. Service of process was had on Thomas W. Hopkins. T. A. Manning & Sons have not been served."

fiduciary and surety bonds on behalf of defendant surety company, collected the premium therefor, and reported such transactions to T. A. Manning & Sons, remitting to them the premium collected, less his (Hopkins) commission. That this is the doing of business in this district is clear. St. Louis Southwestern R. Co. v. Alexander, supra; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; Louisville & N. R. Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711. See a very clear discussion of this question, with review of authorities, in Creager v. P. F. Collier & Son Co. (D. C.) 36 F.(2d) 783, 788.

■ (4) The facts with respect to the defendant Union Indemnity Company are contained in the stipulation between plaintiff and such defendant,[2] and clearly show the doing of business in this district by the Union Indemnity Company. See authorities cited above.

■ (5) Craig Belk is the agent of the Union Indemnity Company under article 4971 of the Texas Revised Civil Statutes of 1925 (see stipulation). Such defendant moves to quash the process served on Belk, and also insists that, by such service, this court has not acquired jurisdiction over such defend-

ant, because the cause of action asserted by plaintiff against such defendant arose in the state of California, and not in this district. The stipulation[3] sets forth the facts. Clearly, under such stipulation, such cause of action did arise in the state of California, and, even if the service on Belk, in the manner made, is good, it is insufficient to give this court jurisdiction over this defendant upon a cause of action arising in another state. Old Wayne Mutual Life Ass'n v. McDonough, 204 U. S. 22, 27 S. Ct. 236, 51 L. Ed. 351; Simon v. Southern R. Co., 236 U. S. 131, 35 S. Ct. 255, 59 L. Ed. 500; Morris & Co. v. Skandinavia Ins. Co., 279 U. S. 409, 49 S. Ct. 360, 73 L. Ed. 766.

■ (6) John F. Battaile is the agent of the defendant Detroit Fidelity & Surety Company under title 6, USCA (see section 7, title 6, USCA). Process was served on him in this cause. Defendant Detroit Fidelity & Surety Company moves to quash such service. Under title 6, USCA, Battaile is an agent only for the purpose of service in suits on bonds executed under such title, and is not an agent upon whom process may be served in a suit of this kind arising under transac-

---

[2] "The Union Indemnity Company is incorporated under the laws of Louisiana and has its domicile and residence in that State with its home and principal place of business in the City of New Orleans and is licensed to do business in the State of Texas and has in the Southern District of Texas the following persons doing business for the Union Indemnity Company as its agents:

"Craig Belk, of Houston, Texas, is a general agent for said Company in and for Texas business only having in his possession policy blanks which he is authorized by said company to execute and deliver to persons who desire insurance in said company. The business done by said Craig Belk is the solicitation of business for said Company and the execution of insurance contracts for it as its agent covering the following risks:

"Automobile public liability, fidelity and surety bonds and other types of business, which the Company is authorized by its permit to do in the State of Texas.

"S. S. Kay is general agent of said Company in the City of Galveston, Galveston County, Texas, in and for Texas business only having in his possession policy blanks which he is authorized by said company to execute and deliver to persons who desire insurance in said company. The business done by said S. S. Kay is the solicitation of business for said company and the execution of insurance contracts for it as its agent covering the following risks:

"Automobile public liability, fidelity and surety bonds and other types of business which the Company is authorized by its permit to do in the State of Texas. He also supervises claim adjustments negotiated by the Company's Claim Agent, who resides in Galveston. Both S. S. Kay and Craig Belk have under their supervision and direction the activities of sub-agents appointed by them for said Union Indemnity Company to issue policies of insurance on behalf of said Company."

[3] "Both plaintiff and defendant, Union Indemnity Company, were and are now licensed to do business in the State of California and at all times involved in this litigation were operating through general agents in that state. On February 15th, 1929, plaintiff and Mullin-Acton Company, a California corporation, entered into a written contract, copy of which is attached to plaintiff's petition and marked Exhibit 'A.' The allegations of the petition as to the modification of said contract are true.

"On October 24th, 1929, Mullin-Acton Company as principal and Northwestern Casualty & Surety Company as surety, executed a certain bond, a true copy of which is attached to plaintiff's petition and marked Exhibit 'C.' The written contract between plaintiff and Mullin-Acton Company mentioned in the last preceding paragraph hereof was not made a part of the bond in any manner whatsoever.

"All negotiations for the execution of said bond were had in California and the bond was actually executed and delivered in that state by Mullin-Acton Company as principal and Northwestern Casualty & Surety Company as surety acting by and through its California agent and attorney in fact, W. F. Ames, Jr. Said bond was subsequently transmitted by plaintiff's California agent to plaintiff at Galveston, Texas.

"On August 8th, 1930, New York Indemnity Company, after negotiating in California through the agents of the respective parties, assumed all obligations of Northwestern Casualty & Surety Company under said bond. Thereafter the agents of Union Indemnity Company in California after negotiations with the agents of plaintiff and the New York Indemnity Company and with Mullin-Acton Company in California, assumed all obligations under said bond the same as though the said bond had been originally executed by the Union Indemnity Company. On or about December 24th, 1931, Union Indemnity Company served on American Indemnity Company in Galveston, Galveston County, Texas notice of cancellation of said bond thirty (30) days from the date said notice was received."

tions wholly disconnected with the execution by his principal of bonds under title 6. Such service on Battaile does not give this court jurisdiction over the defendant Detroit Fidelity & Surety Company. Under this view of such service, it is not necessary to determine whether the defendant Detroit Fidelity & Surety Company is in court on a cause of action arising in California.

(7) It follows that, while this court has jurisdiction under subdivision 1, § 41, title 28, USCA, and venue under sections 112, 113, and 114, title 28, USCA, and while both defendants are doing business in this state in a manner sufficient to give the court jurisdiction over them, neither defendant has been brought before the court upon process sufficient to give the court jurisdiction over them and of the cause of action of the plaintiff, which arose in the state of California, and an order will issue, sustaining the contention of defendants that they are not now before the court. Plaintiff may have other and additional process against the defendants, bringing defendants into court (if there be such) upon proper application to clerk.

Let an order be drawn and presented accordingly.