## ADAIR v. EMPLOYERS' REINSURANCE CORPORATION
### No. 1195.

District Court, N. D. Texas, Abilene Division.
April 9, 1935.

R. H. Whilden and J. P. Adoue, both of Houston, Tex., for the motion.

M. Smith, of Hamlin, Tex., opposed.

ATWELL, District Judge.

Employee, Adair, alleges that he was injured and is entitled to recover against the defendant under the Texas compensation laws (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.). At the time the defendant undertook to write such insurance in the state, it being a nonresident, it appointed John R. Young of Houston, Tex., as an attorney for service of process. On November 1, 1933, this appointment was canceled, and E. C. Gaines of Austin, Tex., was substituted.

The plaintiff brought this suit in the state court and served Young. After that service, the defendant removed the cause into this court and moved to quash the service. While that motion was pending, the plaintiff secured a citation out of this court and served it upon Gaines in Austin, which is in the Western District of Texas. The defendant then filed a motion to quash that service.

The question is one that is solved against the plaintiff with great reluctance because his suit may be jeopardized. The Compensation Law requires the bringing of the case in the county where the injury occurs. Under the state statute, an attorney of a nonresident writer of this sort of insurance may be served without any question of its validity. The right of removing the suit to the national court is well established. But, when the cause reaches the national court, if service is to be had, the state provisions are not the ones that control. The Conformity Act (28 USCA § 724) is not applicable to a controversy when the federal law fixes a method of its own.

Under section 112 of title 28 USCA, subdivision (a), and section 113 of the same title, a civil action, if not local in its nature, must be brought in the district of the resi-

dence of either the plaintiff or the defendant.

Article 2031a, Vernon's Ann. Civ. St. Tex., provides the method which may be followed by foreign corporations doing business within the state of Texas for fixing an agent upon whom process may be served in suits filed in that state.

A foreign corporation cannot be sued in a national court save and except in that district in which it is conducting business. St. Louis Southwestern R. Co. v. Alexander, 227 U. S. 218, 222, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77.

A civil suit purely in personam may not go forward against a defendant without either a voluntary appearance or the legal service of process at a place where the officer serving it has authority to do so. A United States District Court cannot issue process beyond the limits of its own district. A defendant cannot be subjected to its jurisdiction in personam by pretended service outside of the district. Robertson v. Railroad Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119.

It seems that the appointment of a state agent for service purposes is without effect upon these fundamental provisions. J. E. Petty & Co. v. Dock Contractor Co. (C. C. A.) 283 F. 341; Gioia v. Clyde Steamship Co. (D. C.) 3 F.(2d) 822; Herriage v. T. & P. Ry. Co. (D. C.) 11 F.(2d) 671; Boykin v. Hope Production Co. (D. C.) 58 F.(2d) 1041; Creager v. P. F. Collier & Son Co. (D. C.) 36 F.(2d) 781.

Other interesting cases which support the right of the defendant to raise this question without subjecting itself to the jurisdiction of the court in which it raises the question, with some other sidelights, are: New York Indemnity Co. v. Rasmusson (D. C.) 1 F. Supp. 156; American Indemnity Co. v. Detroit Fidelity & Surety Co. (D. C.) 1 F. Supp. 160; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942.

I think both motions to quash service should be sustained: The first on the ground that Young was not service agent at the time served, and the second on the ground that Gaines lived outside of the Northern District of Texas and there was no authority to bring the defendant into court by an attempted service on him in the Western District.

It is a case where the court views with concern the result that may follow to the injured employee, but, if there is something that should be done, that something cannot be done by the court, but must be done by the lawmaking power.