## JUNK v. R. J. REYNOLDS TOBACCO CO.

District Court, W. D. Virginia, at Danville. Sept. 30, 1938.

718

Carter & Williams, of Danville, Va., for plaintiff.

Harris, Harvey & Brown, of Danville, Va., for defendant.

PAUL, District Judge.

This is an action in personam for an alleged breach of contract to pay money under a contract stated to have been entered into between the parties in the State of North Carolina. The plaintiff is a citizen and resident of this district and the defendant is a New Jersey corporation which has been admitted to do business in Virginia and has, in accordance with the Virginia statute (Code, Sect. 3845), designated the Secretary of the Commonwealth as its agent for the service of legal process upon it.

On March 21, 1938, the plaintiff caused process to issue from the Clerk's Office at Danville for service upon the statutory agent in the City of Richmond, the official residence of the Secretary of the Commonwealth. At the same time he caused process to be issued for service upon the manager of defendant's business in the City of Danville, evidently upon the theory that such manager was an actual agent of the defendant.

Both summons were served and the defendant, appearing specially for thati purpose, has submitted motions to quash the service in each instance and has also filed pleas in abatement covering the same matter.

Service upon the Statutory Agent.

The City of Richmond is in the Eastern District of Virginia and service upon the Secretary of the Commonwealth was made there as; under the Virginia statute, it must be. Va.Code, Sect. 3845. Objection is made that the process of this Court in civil cases does not run outside the district and that service upon defendant's agent in the Eastern District is ineffectual even though that agent be the statutory agent for the state.

It is well settled that, except where specifically authorized by Federal statute, the civil process of a Federal District Court does not run outside the district. Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093; Herndon v. Ridgway, 17 How. 424, 15 L.Ed. 100; New York L. Insurance Co. v. Bangs, 103 U.S. 435, 26 L.Ed. 580; Caledonian Coal Co. v. Baker, 196 U.S. 432, 25 S.Ct. 375, 49 L.Ed. 540; McCall Co. v. Bladworth, 2 Cir., 290 F. 365; Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119.

In Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289, an action in personam was originally brought in the state court and removed to the federal court for the Eastern District of Texas. Process was issued out of the latter court and served on an agent of defendant in the Western District of Texas. In holding that this service was not effectual to obtain jurisdiction of defendant, the court says [page 274]:

"The suit was in personam and not within any exceptional provision empowering the federal court to send its process outside its district. Therefore that court's process could be effectively served only within the district."

The opinion in the above quoted case does not disclose whether the agent in the Western District of Texas was a statutory agent, but I am informed that the record in the case shows that he was not. However, in view of the broad statement made in this and other cases, I am unable to ·draw a distinction as to the validity of service upon a statutory agent and an actual·agent where the service is attempted outside the district of suit. The decisions indicate no such distinction. While it may be argued that a public official designated as statutory agent is constructively present in every county in the state, the fact remains that service of process is an actual thing and the objection lies in the ·fact that civil process of federal courts can be effectually served only within the territorial limits of the district in which it issues. This very question was raised in Petty & Co. v. Dock Contractor Co., 283 F. 338, affirmed in 283 F. 341, where process issuing in the Eastern District of Pennsylvania was served upon the Secretary of the Commonwealth, the designated statutory agent, in Harrisburg, the state capital, in the Middle District of that State, and the service was held invalid.

The exact question has likewise been ruled on in this district. In Nickels v. Pullman Co. (opinion not published) the late Judge McDowell held that process issuing from this court and served upon the statutory agent of the defendant in the Eastern District could not give this Court jurisdiction of the defendant. To the same effect is Adair v. Employers' Reinsurance Corp., D. C., Tex., 10 F.Supp. 725, where it is said [page 726]:

"A United States District Court cannot issue process beyond the limits of its own district. A defendant cannot be subjected to its jurisdiction in personam by pretended service outside of the district. Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119.

"It seems that the appointment of a state agent for service purposes is without effect upon these fundamental provisions," citing Petty v. Dock Contractor Co. supra and other cases.

Likewise in Boykin v. Hope Production Co., D.C.La., 58 F.2d 1041, it was held that process issuing in one district and served upon a designated agent in another district of the same state was ineffectual. See also Keller v. American Sales Book Co., D.C., 16 F.Supp. 189; Herriage v. Texas & P. R. Co., D.C.La., 11 F.2d 671.

I do not take it that the case of Massachusetts Bonding, etc., Co. v. Concrete Steel Bridge Co., 4 Cir., 37 F.2d 695, denies the holding of the cases hereinbefore cited. That case may be distinguished on several grounds, including the fact that the West Virginia statute making the state auditor the agent of foreign corporations differs in its provisions and effect from the Virginia statute (Va.Code 3845) and the defendant in that case was held to have accepted service and also was held to have made a general appearance. The opinion by Judge Northcott clearly intimates that different considerations may govern as between a jurisdiction obtained by acceptance of service and a jurisdiction attempted in invitum.

It would appear from the authorities cited that the service made upon the Secretary of the Commonwealth did not bring the defendant under the jurisdiction of. this Court and the motion to quash such service must be granted.

### Service upon A. T. Gunn

As previously stated, the plaintiff, in addition to having process served on the statutory agent, caused process to issue and be served on one A. T. Gunn, an alleged agent of the defendant, located at Danville within this district. As to this service, the defendant has likewise filed a motion to quash and a plea in abatement. Objection to this process alleges: (1) That the memorandum or praecipe made by the plaintiff directing the issuance of process requested that it be "directed to the United States Marshal for the Western District of Virginia, to be served on the manager of said defendant's Danville plant at Danville, Virginia," and that when issued by the Clerk and delivered to the Marshal, the process recited that "we command you to summon Manager—R. J. Reynolds Tobacco Company, Danville, Va.," but that Gunn, upon whom the process was served, was not the manager of defendant. (2) That in any event, the defendant having designated a statutory agent as required by the Virginia statute, service of process can be made only upon such agent and cannot be legally served upon any other agent of defendant.

The second named of the objections urged by defendant is, in my opinion, the more serious and necessitates prolonged discussion and· will be considered first. The statutes cited in connection therewith are Sect. 3845 and Sect. 6064 of the Code of

Virginia. The first of these provides that a foreign corporation doing business in this state shall designate the Secretary of the Commonwealth as statutory agent upon whom shall be served all lawful process against said corporation. Sect. 6064 provides that process against a foreign corporation shall be served upon the statutory agent, if any has been appointed; but if no statutory agent has been appointed, then service may be had upon any other agent at his place of residence or in which his place of business is. It is the contention of defendant that, since it has complied with the statute and designated a statutory agent, service upon it can be made only on such agent and upon no other.

It is obvious that if this contention is upheld, no suit can be brought in this district against a foreign corporation which has designated the Secretary of the Commonwealth as its statutory agent, even if the plaintiff is a citizen and resident of this district and even if the business done by the foreign corporation is confined to this district and the cause of action arose here.

In considering the question here raised, it is well to bear in mind the origin and nature of the jurisdiction of the Federal courts and also certain now well settled principles involved in suits against foreign corporations.

The jurisdiction of Federal courts is not determined by state statutes; Barrow Steamship Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; nor is the right to sue a foreign corporation in the Federal Court of a district wherein it is doing business dependent upon permission given by the state. The Federal courts have jurisdiction of suits between citizens of different states (subject to limitations as to the amount in controversy). That diversity of citizenship exists here and the amount in controversy exceeds $3,000.00. The matter is, therefore, one of which the Federal Court has general jurisdiction.

It is provided (28 U.S.C.A. § 112) that where (as here) the jurisdiction is founded only upon diversity of citizenship the suit shall be brought only in the district of residence of either the plaintiff or the defendant. This statute fixes the venue of actions where diversity of citizenship is the ground of jurisdiction and permits such suits to be brought either in the district where the plaintiff resides or in that where the defendant resides. The plaintiff, being a resident of this district, plainly has the right to bring his action in this district; subject to the condition that in order to subject the defendant to the jurisdiction of this Court, the defendant must be found within the district and served with process here.

It has long been settled that for the purposes of suing and being sued in the Courts of the United States a corporation, though an artificial person, is to be considered a citizen of the state of its creation as much as a natural person. Louisville, etc., R. Co. v. Letson, 2 How. 497, 11 L.Ed. 353; Marshall v. Baltimore & O. R. Co., 16 How. 314, 14 L.Ed. 953; National Steamship Co. v. Tugman, 106 U.S. 118, 1 S.Ct. 58, 27 L. Ed. 87. It has also been settled for an equally long time that corporations of one state may sue in the courts of another. In Bank of Augusta v. Earle, 13 Pet. 519 at page 591, 10 L.Ed. 274, decided in 1839, it is said that "it has been decided in many of the state courts, we believe in all of them where the question has arisen, that a corporation of one state may sue in the courts of another". And is declared that this rests upon the law of comity among nations which prevails among the sovereign states of the Union.

It is equally as well settled that when a corporation of one state enters into and does business in another state it may be sued in the courts of the state into which it has so entered; and this without any express declaration of such liability by statute. In Baltimore & O. Railroad Co. v. Harris, 12 Wall. 65, 20 L.Ed. 354, it was held that the Baltimore & Ohio Railroad Co., a Maryland corporation, permitted to do business and doing business in the District of Columbia, could be sued in the District for an accident happening in Virginia, although Congress, legislating for the District of Columbia, had never made any provision for bringing suits against foreign corporations. In Barrow Steamship Co. v. Kane, 170 U.S. 100, at page 108, 18 S.Ct. 526, at page 529, 42 L.Ed. 964 (citing Baltimore & O. Railroad Co. v. Harris, supra), it is said:

"The liability of a foreign corporation to be sued in a particular jurisdiction need not be distinctly expressed in the statutes of that jurisdiction, but may be implied from a grant of authority in those statutes to carry on its business there."

In Deatrick's Adm'r v. Life Ins. Co., 107 Va. 602, 59 S.E. 489, it is held that

where a corporation has an agent and is doing business in a foreign jurisdiction it may be sued upon any transitory cause of action by a citizen of the state in which it was thus doing business.

We may take it, therefore, as settled that when a corporation of one state enters into another by doing business there, it may, in a proper case, sue or be sued in the courts of the latter state without express statutory authority for either. There remains, of course, the question of obtaining jurisdiction over the person of a foreign corporation through service of process upon it. Corporations can act only through agents and service upon a corporation can be only upon some individual who is the agent of the corporation.

Most, and probably all, of the states of the Union have enacted statutes requiring the designation by foreign corporations of an agent upon whom process against it may be served. Frequently, as in Virginia, this statutory agent is a public official of the state. But these statutes were not necessary to enable the corporation to be sued in the domestic state and the right to sue is not founded upon them. Long before such statutes were enacted suits were brought, maintained and determined against foreign corporations and jurisdiction of the person was obtained through service of process upon actual agents within the state.

The statutes designating or requiring the designation of particular persons upon whom process against foreign corporations might be served were not enacted for the purpose of granting special privileges and advantages to foreign corporations or to restrict the right to sue them. On the contrary, their intention was to give an advantage to domestic plaintiffs by furnishing a sure and simple manner by which the foreign corporation could be held to answer in the courts of the state into which it had entered to do business. To that extent such statutes impose an added restriction upon foreign corporations, a further condition upon their right to do business in the state. But they do not relieve them of any liability to which they would be subject in the absence of such statutes. If, for example, the foreign corporation failed to comply with the statute requiring the designation of an agent upon whom process might be served, it would not thereby be immune from suit. Under such circumstances, process might be served upon an actual agent. The

Virginia statutes recognizes this possibility and specifically provides (Va.Code Sect. 6064) that if no statutory agent has been designated, process against a foreign corporation may be served on any other agent. This would follow, I think, even if there were no such express statutory provision. Conversely it was held in Baltimore & O. Railroad Co. v. Harris, supra, that suit could be maintained against a foreign corporation and process served on its agent although no statutory provision existed within the jurisdiction of suit for bringing suits against foreign corporations or for service of process upon them.

Even if it be true that under the Virginia statute a citizen of Virginia suing a foreign corporation in the state courts must cause process to be served upon the statutory agent if one has been designated, this statute cannot serve to deprive a citizen of a right granted by the Federal law, namely, to sue in the Federal Court, where such right is unquestioned except for the existence of such statute. Of course, the right to sue is a different thing from the validity of service of process, but if the Virginia statute were to be applied as contended for by defendant, the effect would be to deny the plaintiff a right to sue in the Federal Court in a case the subject matter of which is within the jurisdiction of the Federal Court as determined by the acts of Congress. I do not think the statute can be given any such effect.

The case of Certain-teed Products Corp. v. Wallinger, 4 Cir., 89 F.2d, 427, cited by defendant, does not, in my opinion support its contention. In that case service upon an actual agent was upheld upon an assumption by both the trial court and the appellate court that the defendant had failed to designate the statutory agent required by the Virginia statute, although there was no proof of this fact. The most that this case decided was that where there is no statutory agent service may be had on an actual agent. The Court did not have occasion to pass upon the question of whether, when a statutory agent has been designated, the exclusive method of service is upon such agent.

In the case of Barrow Steamship Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964, the steamship company was a British corporation operating between Ireland and New York City, doing business in the State of New York through its agents there, the

mercantile firm of Henderson Brothers. It had not, however, filed a designation of an agent for the service of process as provided by the New York statute. Kane, a resident of New Jersey, alleging that while he was a passenger on one of the company's ships he had been assaulted by agents of the company in Londonderry, Ireland, brought suit against the company in the Southern District of New York and caused process to be served on Henderson Brothers, who, as stated, were the actual business agents of the company but not its statutory agent. The following excerpts from the opinion of the Supreme Court by Mr. Justice Gray indicate the substance of its holdings:

"It was contended in behalf of the steamship company that, being a foreign corporation, no suit could be maintained against it in personam in this country without its consent, express or implied; that by doing business in the state of New York it consented to be sued only as authorized by the statutes of the state; that the jurisdiction of the courts of the United States held within the state depended on the authority given by those statutes * * *."

After pointing out that the modern law has put corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them, and that a corporation created by and doing business in a state is to be considered as a citizen of the state as much as a natural person, and that the Federal courts are specifically given jurisdiction of controversies in cases of diverse citizenship, the Court says:

"The manifest injustice which would ensue if a foreign corporation, permitted by a state to do business therein, and to bring suits in its courts, could not be sued in those courts, * * * has induced many states to provide by statute that a foreign corporation making contracts within the state shall appoint an agent residing therein, upon whom process may be served in actions upon such contracts. This court has often held that, wherever such a statute exists, service upon the agent so appointed is sufficient to support jurisdiction of an action against the foreign corporation, either in the courts of the state, or, when consistent with the acts of Congress, in the courts of the United States held within the state; *but it has never held the existence of such a statute to be essential to the jurisdiction of the circuit courts of the United States.*" (Italics supplied.)

. . The case of Baltimore & O. Railroad Co. v. Harris, hereinbefore referred to, is then cited and discussed. After pointing out that in England it is fully established that a foreign corporation may be subjected to suit by service upon one of its principal officers residing and representing it within the realm, and that in several of the states of the Union a like rule prevails, it is said:

"The courts of New York and Massachusetts, indeed, have declined to take jurisdiction of suits against foreign corporations, except so far as it has been expressly conferred by statutes of the state. [citing cases] *But the jurisdiction of the circuit courts of the United States is not created by, and does not depend upon, the statutes of the several states.* (Italics supplied)

\* \* \* \* \* \*

"The object of the provisions of the constitution and statutes of the United States in conferring upon the circuit courts of the United States jurisdiction of controversies between citizens of different States of the Union, or between citizens of one of the states and aliens, was to secure a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides.

"The jurisdiction so conferred upon the national courts cannot be abridged or impaired by any statute of a state. Hyde v. Stone, 20 How. 170 [15 L.Ed. 874]; Smyth v. Ames, 169 U.S. 466, 516, 18 S.Ct. 418 [42 L.Ed. 819]."

After reciting that the action was within the general jurisdiction conferred by Congress upon the Federal courts, that the defendant was doing business in New York, and that summons was served upon its appointed agent in that state, the Court says:

"The fact that the legislature of the state of New York has not seen fit to authorize like suits to be brought in its own courts by citizens and residents of other states cannot deprive such citizens of their right to invoke the jurisdiction of the national courts under the constitution and laws of the United States."

See also Hayden v. Androscoggin Mills, C.C., 1 F. 93, where it was held that in a suit brought in the Federal Court in the State of Massachusetts against a foreign corporation doing business there, jurisdiction of the person of the defendant could be obtained by service of process upon an agent of defendant (an officer of the corporation) in Massa-

chusetts, although such service would have been ineffectual under the state statute which provided that jurisdiction could be obtained only by an attachment of property. And see Lupton's Sons Co. v. Automobile Club of America, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699, holding that a state statute prohibiting the maintenance of a suit upon the failure to comply with certain conditions could not prevent the bringing of suit in the Federal courts of that state.

I am constrained to hold that as to a suit brought in this district against a foreign corporation doing business in this state and district, where service of process upon the designated statutory agent cannot be had, process may be had upon any agent of the corporation resident in this district.

In what has been said heretofore, the Court does not purport to hold that A. T. Gunn was in fact such an agent of the defendant as to make the service upon him effectual notice to the defendant. However, the defendant apparently raises no contention in this respect. Section 3847 of the Virginia Code provides that every corporation doing business in the state shall have an office in the state at which all claims against the company due residents of the state "may be audited, settled and paid". It is conceded that the defendant, in compliance with this statute, filed with the State Corporation Commission the appropriate certificate setting forth that it had established its office in Virginia at a named address in the City of Danville and had designated A. T. Gunn "as its agent for the reception, audit, settlement and payment of claims against the company" due to residents of the State of Virginia. In view of the language used, it would seem that this agent's authority was extensive and left no room for doubt that notice to him was notice to the defendant of the claim against it.

It is true that the defendant contends that in designating the Secretary of the Commonwealth as its statutory agent and consenting to service of process upon him, its consent to suit related only to "a cause of action arising in the State of Virginia, or a cause of action arising out of a contract made or to be performed in the State of Virginia, or on a cause of action connected with and arising out of business conducted in the State of Virginia." There are many cases which consider the nature and extent of the consent to suit given by a foreign corporation in designating an agent under the requirements of state statutes. See Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711; Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; but, in view of my holding that the service upon the statutory agent in this case was ineffective, they are not pertinent here, unless it be true that the same considerations apply where service is upon an actual agent. I do not find that the defendant has anywhere contended that service upon an actual agent is ineffective except in the restricted class of actions to which it alleges it confined its consent to be sued on in the designation of a statutory agent. But even if we assume that it does so contend, I think the contention cannot be sustained. Barrow Steamship Co. v. Kane, hereinbefore referred to, seems clearly to hold that the liability to suit of a foreign corporation doing business in a state, where service was had on actual agents in the state, is not confined to matters arising out of business done in that state. To like effect is Baltimore & O. Railroad Co. v. Harris, supra. It may be noted also that there are no such restrictions upon the authority of Gunn as agent. He is appointed to receive, settle and pay "claims against the company due to residents of the State" (Virginia), with no restriction as to where they arose.

It would seem that this question, so far as this case is concerned, has been settled in this Circuit by the case of Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., 37 F.2d 695. In that case the plaintiff, a corporate citizen of West Virginia, brought suit in the Federal Court in that state against a foreign corporation which had been admitted to do business in West Virginia. The suit, as here, was for failure to pay money alleged to be due under a contract. In the opinion by Judge Northcott, it is pointed out that, where the contract was silent as to the place at which payments were to be made, the law implies that they should be made at the place of residence of the creditor. And as they were not made at all the cause of action arose at the place where they should have been made; that the breach of contract, which was the cause of action, arose in West Virginia. It is further held that, irrespective of where

724

the cause of action arose, there could be no question that jurisdiction existed where the necessary diversity of citizenship was conceded and the suit was brought in the district of the plaintiff's residence.

█ As before noted, the motion to quash the process served upon A. T. Gunn raises the further question that the praecipe or memorandum made by the plaintiff in the Clerk's Office for the issuance of process carried the direction (or request) that it be served on the "manager of defendant's Danville plant"; that the process was directed to "Manager—R. J. Reynolds Tobacco Company, Danville, Va.", but the return shows that it was served upon "A. T. Gunn, Agent in charge of said company in Virginia". The defendant contends that the service made was at variance with the memorandum for issuance of process and should, therefore, be quashed. No authority is cited in support of this contention and it appears to me to be without merit. The plaintiff could not be expected to know with accuracy the title of the defendant's representative in Danville nor was he required in the memorandum to exercise the same legalistic accuracy of description that the Marshal exercised in making his return. If the process was, in fact, served upon the proper person, it matters not the name or title by which the memorandum described him.

█ The defendant, so far as I can see, raises no question of the fact that the summons issued by the Clerk was directed to "Manager—R. J. Reynolds Tobacco Company", instead of to "R. J. Reynolds Tobacco Company". However this may be, I am of opinion that any irregularity in this respect is covered by the provisions of 28 U.S.C.A. § 777, R.S. § 954, providing that "No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form." With further provision that the same may be amended. There being no doubt that the process was served on the person intended to be served as agent of the company and that the purport and effect of it were fully understood and that the defendant has in no way been prejudiced, it seems that the quoted statute is applicable.

It follows from what has been said that the motion to quash the process served upon Gunn will be denied.